AO 91 (Rev. 11/11)  Criminal Complaint

<table>
<tr><td>Sealed<br>Public and unofficial staff access<br>to this instrument are<br>prohibited by court order</td><td>UNITED STATES DISTRICT COURT<br>for the<br>Southern District of Texas</td><td>United States Courts<br>Southern District of Texas<br>FILED<br><br>December 22, 2025<br><br>Nathan Ochsner, Clerk of Court</td></tr>
</table>

| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  **4:25-mj-0774** |
| Kane James Kellum | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 25, 2025_____ in the county of _____Harris_____ in the
_____Southern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1466A | Obscene visual Representation of the Sexual Abuse of  Children |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_Samantha Crain_
Complainant's signature

Samantha Crain, FBI Special Agent
Printed name and title

Sworn to and signed by telephone.

Date:  ____12/22/2025____

_Dena Palermo_
Judge's signature

City and state:  _____Houston, Texas_____     Hon. Dena Hanovice Palermo, US Magistrate Judge
Printed name and title

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN THE MATTER OF:                    §
Kane James Kellum                    §          Case No. **4:25-mj-0774**
                                     §

<u>**AFFIDAVIT IN SUPPORT OF APPLICATION**</u>

I, Samantha Crain, being duly sworn, deposes and states:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI). I have been a Special Agent of the FBI since December 2022. I am charged with the duty of investigating violations of the laws of the United States, collecting evidence in cases in which the United States is or may be a party in interest, and performing other duties imposed by law. I am currently assigned to the FBI Houston Child Exploitation Task Force and investigate a variety of human trafficking and violent crimes against children (VCAC) matters. As an Agent I have also worked counterterrorism, investigating matters of national security. Prior to this assignment, from 2018 to 2022, I was an FBI analyst working a variety of violent crime violations. I have been trained in the preparation, presentation, and service of criminal arrest and search warrants and have been involved in the investigation of offenses against the United States to include violent crimes against children and human trafficking offenses.

2. I have also participated in various FBI mandated and volunteer training for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography as defined in Title 18, United States Code, Section 2256.

3. This Affidavit is made in support of a criminal complaint charging Kane James Kellum

with violating 18 U.S.C. § 1466A (Obscene visual Representation of the Sexual Abuse of Children).

4.  The statements contained in this Affidavit are based upon information acquired during my investigation, as well as information provided by others such as other police officers, Task Force Officers (TFOs), and Special Agents of the FBI, all who have engaged in numerous investigations involving child pornography.

5.  Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation, I have set forth only those facts that I believe are necessary to establish probable cause that evidence of a violation of 18 U.S.C. § 1466A (Obscene visual Representation of the Sexual Abuse of  Children) has been committed by Kane James Kellum on or around November 28, 2025. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

6.  On November 28, 2025, at approximately 0207 hours, Baytown Police Department dispatched officers to 3226 Marvin Road, Baytown, Texas 77521 in response to a report of the discovery of created child pornography images depicting an identified three-year-old child minor victim, (hereinafter referred to as MV1) and an identified 15-year-old minor victim, (hereinafter referred to as MV2) engaging in sexual acts.

7.  According to the complainant's daughter, the subject, Kane James Kellum had been living at the aforementioned address. Kellum and the complainant's daughter had been dating for approximately one year and they had been staying together in the complainant's home for at least the past six months. An identified three-year-old female

child (MV1) lived in the residence, and an identified 15-year-old female child (MV2) was visiting at the time of the report.

8.     According to the complainant's daughter, she suspected Kellum of infidelity. On November 28, 2025, the complainant's daughter unlocked Kellum's cellular device, a Samsung Galaxy S23, and found AI software. Upon opening the software, the complainant's daughter observed three AI generated child pornography videos depicting MV1 engaging in sexually explicit conduct, and three AI generated child pornography videos of MV2 engaging in sexually explicit conduct. The complainant's daughter took screenshots and made recordings of these videos and provided them to the responding officers.

9.     The videos are summarized as follows:.

    a.  A video, created November 25, 2025 at 05:36, depicted what appeared to be MV1 standing in the kitchen. The girl's clothes were removed and the girl's face remained superimposed on a fully naked adult female's body, displaying her vagina. A table slides into view and the girl dances against the table showing her bare buttocks.

    b.  A video, created November 25, 2025 at 05:34, depicted what appears to be MV2 sitting at a table. The individual stands and her shirt is removed showing her bare chest and vagina. The image transitions to show her buttocks dancing on the edge of the table.

10.     On November 28, 2025, Kellum was interviewed by Baytown Police Department Detective Justin Turpin. He was read his Miranda Warning and voluntarily agreed to speak with the interviewer without a lawyer present.

11.    The investigator told Kellum the complainant's daughter, his girlfriend, went through his phone, which he described as an older black Samsung Galaxy cell phone running an Android operating system. The investigator told Kellum they had found applications like "Genie AI" and "Chuva AI" in which pornographic images and videos depicting MV1 and MV2 were found.

12.    Kellum admitted to making videos of MV1 but did not remember making videos of MV2 though he may have when he was drunk. Kellum remembered seeing the video of MV2 on his phone. A video depicting MV1's face on a little person's body was described to Kellum, who remembered the video but could not remember which application he used to make the video. Kellum estimated he had one AI generated video of MV2 and ten AI generated videos of MV1. Other than the one mentioned previously, Kellum thought there was a video of MV1 jumping on a trampoline. Kellum only used GenieAI and ChuvaAI to make videos. Kellum thought the videos were just on the application and not synched to the telephone. Kellum did not share the videos with anyone else.

13.    Kellum voluntarily provided his cellular telephone's password as 2510 and his telephone number as 281-881-1733. Kellum provided his email address as kanekellum999@gmail.com. Kellum could not remember any hidden folders or encrypted applications on his cell phone.

14.    According to the complainant's daughter, Kellum's father, Jeffrey Kellum, had bonded the captioned subject out of jail and had retrieved his vehicle and belongings from the complainant's home. The complainant's daughter believed the captioned subject was residing with his father, as well as an identified 12-year-old. Humble Independent School District (ISD) confirmed Kellum was the 12-year-old's brother and that she was a student

in their school district. Humble ISD also confirmed the 12-year-old minor victim lived at 20822 Kings Clover Court, Humble, Texas 77346 with her father, Jeffrey Kellum and her mother, Toni Kellum.

15. Toni, Jeffrey, and Kane Kellum were all believed to work at Select Transportation Resources LLC, 12802 Crosby Freeway, Houston, Texas 77049. Open source indicated an alternate address of 9550 N. Loop E Fwy, Houston, Texas 77029.

16. Reports from Texas Department of Family Protective Services (DFPS) highlighted another incident from June/July 2021 involving Kane Kellum and an identified ten-year-old minor victim. According to DFPS, while the Kellum was living in Vidor, Texas in Orange County, the captioned subject was alleged to have sexually assaulted the ten-year-old minor victim and threatened him. During a Child Adolescent Forensic Interview conducted July 1, 2021, the ten-year-old stated Kellum had been showing him images depicting child sexual abuse material since he was 8 years old.

17. Based upon the information delineated above, I believe that probable cause exists for the issuance of a Criminal Complaint charging Kane James Kellum with a violation of 18 U.S.C. § 1466A (Obscene visual Representation of the Sexual Abuse of Children).

*Samantha Crain*

Samantha Crain
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to telephonically on this 22nd day of December 2025, and I find probable cause.

*Dena Palermo*

The Honorable Dena Hanovice Palermo
UNITED STATES MAGISTRATE JUDGE